UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JYQWAVOUS WHITAKER, : <br> : <br> Plaintiff, : <br> : <br> : CIVIL ACTION FILE NO. <br> v. : <br> : <br> Victor Hill, : <br> Correct Health Clayton, LLC, : JURY TRIAL DEMANDED <br> Kevin Roberts, : <br> Willy Marcelin, : <br> Bedginald Salomon, : <br> : <br> All individually and officially, : <br> Defendants. : | |

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff and files this Complaint for Damages against the above-captioned Defendants, all individually and officially, showing as follows:

**NATURE OF CLAIM**

1. Plaintiff brings this action against Defendants for violation of his rights as guaranteed by the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Georgia Constitution, and Georgia law. Defendants were deliberately indifferent to Plaintiff's urgent medical needs while in their custody. Plaintiff seeks compensatory damages, special damages, general damages, and any and all other relief to which he is entitled by law, as more fully described below.

## JURISDICTION AND VENUE

2. This action is brought before the court pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution for the deprivation of Plaintiff's constitutional rights under color of law. Accordingly, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff also asserts Georgia state law claims against Defendant that arise out of the same transaction or occurrence that serves as the basis for Plaintiff's claims that arise under federal law; therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is properly conferred upon this Court because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, it is the most convenient to the parties and to the witnesses, and it is where one or more of the Defendants are deemed to reside. 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff, Jyqwavous Whitaker, resides in the Northern District of Georgia and is subject and submits to the jurisdiction and venue of this Court.

6. At all times relevant hereto, Victor Hill was the Sheriff of Clayton County, Georgia, and was and is responsible for oversight of the entire Sheriff's Office, including the jail and its operations. Sheriff Hill is being sued both in his individual

capacity and his official capacity as a law enforcement officer. Sheriff Hill at all times relevant hereto was acting pursuant to his employment and under color of state law and is subject to the jurisdiction and venue of this Court.

7. Correct Health Clayton, LLC is a domestic limited liability company transacting business in the State of Georgia and County of Clayton. Correct Health Clayton, LLC is contracted with Clayton County and/or the Clayton County Sheriff's Office to provide healthcare service to jail inmates and are therefore amenable to suit for claims made under section 1983. Correct Health Clayton, LLC is subject to the jurisdiction and venue of this Court.

8. Kevin Roberts is the Chief of the Clayton County Police Department (CCPD). He is the agency's principal executive officer and has ultimate responsibility for setting the policies and practices of CCPD and ensuring that the agency's programs, policies, and practices comply with federal and state law. He is sued in his official and individual capacities.

9. Willy Marcelin, at all times relevant to this Complaint, was an Investigator with CCPD. At all times relevant to this Complaint, he acted within the scope of his employment and under color of state law. He is sued in his official and individual capacities.

10. Bedginald Salomon, at all times relevant to this Complaint, was an Investigator with CCPD. At all times relevant to this Complaint, he acted within the

scope of his employment and under color of state law. He is sued in his official and individual capacities.

11. All conditions precedent to this action, including ante litem notice, has occurred.

## FACTUAL ALLEGATIONS

12. On January 15, 2021, Plaintiff was involved in an incident resulting in him being arrested and charged with certain criminal offenses. During the incident, he suffered a gunshot wound to his left hand and left foot. Plaintiff maintains that instead of being charged with a crime, he is actually the victim of a crime.

13. Plaintiff was taken to the Grady Hospital Trauma Unit where he had surgery on his left hand and right foot while under sedation. One hour after surgery, officers with the Clayton County Police Department informed the medical staff at Grady Hospital Trauma Unit that Plaintiff was under arrest and transported him to Clayton County Police Department where he was interrogated for several hours by Defendant Willy Marcelin and Defendant Bedginald Salomon.

14. During his lengthy interrogation, Plaintiff informed Defendants Marcelin and Salomon that he was in severe pain, requested the pain medication prescribed by the medical staff at Grady Hospital Trauma Unit, and even requested that the officers call an ambulance to transport him back to the Grady Hospital Trauma Unit.

15. Defendants Marcelin and Salomon locked Plaintiff in the interrogation room for approximately eight (8) hours without consideration for his urgent medical needs.

16. Eventually, a supervising officer called an ambulance and instructed Defendants Marcelin and Salomon to release Plaintiff or book him, adopting the ambulance personnel's medical advice that Plaintiff could not be kept in the interrogation room with unhealed open bullet wounds.

17. The ambulance personnel stated that Plaintiff needed to be transported back to the Grady Hospital Trauma Unit for treatment and medication. Plaintiff was in hypertension II. Defendant Marcelin ignored the medical advice provided by the ambulance personnel, applied for a warrant for Plaintiff's arrest, and asserted that Plaintiff could receive treatment at the Clayton County Jail while in the custody of the Clayton County Sheriff's Office.

18. While Plaintiff was in the custody of Clayton County Sheriff's Office, he missed surgical and post-surgical appointments on January 26, 2021 and February 2, 2021. The Clayton County Sheriff's Office did not transport Plaintiff for his appointment on January 26, 2021 until February 10, 2021. Afterwards, while Plaintiff was in the custody of Clayton County Sheriff's Office, he again missed post-surgery appointments on February 12, 2021, February 19, 2021, March 5, 2021, March 12, 2021, March 26, 2021, April 13, 2021, May 11, 2021, May 13, 2021, June 16, 2021, June 23, 2021, July 2, 2021, August 3, 2021, and August 4, 2021.

19. As a result of these missed appointments, Plaintiff experienced webbing of his left index and middle fingers. This webbing made it impossible to implement a wide range of recovery options which might have avoided the need for amputation.

20. On August 13, 2021[1], Plaintiff was finally transported for an appointment with Dr. Clifton Meals at Grady Hospital. Dr. Meals medical records indicate that Plaintiff's left index finger is not likely to recover significantly due to the present scissoring which prevents meaningful use of the middle finger. Dr. Meals noted that Plaintiff's left index finger progressively deviated medially over the two-month period of time that the Clayton County Sheriff's Office failed to bring him to his scheduled post-op appointments. Dr. Meals created a plan for additional surgery and/or amputation of the left index finger.

21. At all times relevant hereto, Victor Hill, as the Sheriff of Clayton County, was responsible for ensuring that Clayton County Jail inmates receive adequate medical care. At all times relevant hereto, Defendant Correct Health Clayton, LLC was responsible for providing medical services to Clayton County Jail inmates (including Plaintiff) on behalf of Clayton County and/or the Clayton County Sheriff.

22. At all times relevant hereto, Kevin Roberts, as CCPD Chief, was responsible for ensuring that detained individuals at CCPD received necessary medical care.

---

[1] Plaintiff's injuries constitute a continuing tort and ongoing deprivation of his constitutional rights, and the statute of limitations did not begin to run until such time as he received appropriate medical attention which occurred on August 13, 2021. See Lavelle v. Listi, 611 F.2d 1129, 1132 (5th Cir. 1980); Lovett v. Ray, 327 F.3d 1181, 1183 (11th Cir. 2003).

## COUNT I
## 42 U.S.C. §1983
## FOURTEENTH AMENDMENT – DELIBERATE INDIFFERENCE
## ALL DEFENDANTS

23. Plaintiff re-alleges and reincorporates the foregoing paragraphs 1 through 22 as if fully set forth herein.

24. At all times relevant hereto, Plaintiff had a clearly-established constitutional right under the Due Process Clause of the Fourteenth Amendment to have his medical needs timely and sufficiently treated, and the failure to do so constitutes a violation of his Fourteenth Amendment rights.

25. The decision to transport Plaintiff to CCPD for interrogation while seriously injured, then hold him in an interrogation room for ours without addressing intense physical pain, and refusing to transport Plaintiff back to the hospital, constituted acts of deliberate indifference to the medical needs of Plaintiff committed by Defendants Marcelin, Salomon, and Chief Kevin Roberts as the person ultimately responsible for detainee medical care at CCPD.

26. The failure to timely transport Plaintiff to critical medical appointments until August 13, 2021, when Plaintiff finally received appropriate medical attention, constituted acts of deliberate indifference to the medical needs of Plaintiff committed by Defendant Correct Health Clayton, LLC and Victor Hill as the person ultimately responsible for inmate medical care at the Clayton County Jail.

27. All named Defendants had actual knowledge of Plaintiff's serious medical needs and failed to timely and sufficiently treat said medical needs.

28. As a direct and proximate result of Defendants' acts and omissions described above, Plaintiff suffered serious injury and damage for which Defendants are liable including, but not limited to: physical injury, medical expenses, physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress, which injuries are permanent and continuing.

## COUNT II
## STATE LAW NEGLIGENCE
## AGAINST ALL DEFENDANTS

29. Plaintiff re-alleges and reincorporates the foregoing paragraphs 1 through 28 as if fully set forth herein.

30. At all times, these Defendants had a duty to Plaintiff to exercise ordinary care with Plaintiff.

31. By failing to exercise ordinary care in their dealings with Plaintiff, these Defendants breached their duty of care to Plaintiff.

32. As a direct and proximate result of Defendants' breach of the duty of care, Plaintiff suffered serious injury and damage for which Defendants are liable including, but not limited to: physical injury, medical expenses, physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress, which injuries are permanent and continuing.

## DEMAND FOR JURY TRIAL

33. Plaintiff re-alleges and reincorporates the foregoing paragraphs 1 through 32 as if fully set forth herein and demands a trial by jury on all claims so triable. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Fed. R. Civ. P. 38(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a trial by jury, that summons issue, that judgment, costs, and fees be entered in his favor and against Defendants, and that the following relief be granted by the Court:

a) That Plaintiff recover against Defendants in compensatory, special, and general damages, in an amount to be determined at trial by the enlightened conscious of the jury;

b) Grant such other and further relief that the Court deems just and proper.

This 9th day of August, 2023.

/s/ Kenneth Muhammad
Georgia Bar Number 527907
Counsel for Plaintiff

1755 North Brown Road, Suite 200
Lawrenceville, Georgia 30043
800-910-5760 Telephone
866-267-1292 Fax
kenneth@lawofficekwm.com