IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JYQWAVOUS WHITAKER,

    Plaintiff,

       v.

VICTOR HILL, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:23-CV-3552-TWT

**OPINION AND ORDER**

This is a civil rights case. It is before the Court on the Defendant CorrectHealth Clayton LLC's Motion to Dismiss [Doc. 15], the Plaintiff's unopposed Motion to Substitute Party [Doc. 32], and the parties' Consent Motion to Open Default [Doc. 33]. For the reasons set forth below, CorrectHealth's Motion to Dismiss [Doc. 15] is DENIED, the Plaintiff's Motion to Substitute Party [Doc. 32] is GRANTED, and the Consent Motion to Open Default [Doc. 33] is GRANTED.

**I.    Background[1]**

This case arises from injuries that the Plaintiff Jyqwavous Whitaker sustained when he suffered gunshot wounds to his left hand and left foot on January 15, 2021. (Compl. ¶ 12). He underwent surgery at the Grady Hospital Trauma Unit for his injuries and then was taken into police custody. (*Id.* ¶ 13).

---

[1] The Court accepts the facts as alleged in the Complaint as true for purposes of the present Motion to Dismiss. *Wildling v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

The Plaintiff was transported to the Clayton County Police Department where he alleges that he was interrogated for several hours and locked in the interrogation room for eight hours, all the while dealing with severe post-surgical pain. (*Id.* ¶¶ 13–15). After being detained, he claims that he was sent to the Clayton County Jail over the advice of ambulance personnel who stated he should be taken back to the hospital. (*Id.* ¶¶ 16–17). The Plaintiff claims that he missed a series of medical appointments between January and August 2021 that ultimately led to webbing between his fingers and the amputation of his left index finger. (*Id.* ¶¶ 18–20).

The Plaintiff filed the present action on August 9, 2023, against former Clayton County Sheriff Victor Hill, CorrectHealth Clayton—the entity responsible for providing medical services to individuals at the Clayton County Jail—and several other defendants now dismissed from the case. The Plaintiff brings claims of deliberate indifference under the Fourteenth Amendment and state law negligence against the Defendants. CorrectHealth now moves to dismiss the Plaintiff's claims against it.

## II.     Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is

2

"improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994–95 (11th Cir. 1983); *see also Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985), *cert. denied*, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

### III.   Discussion

The Defendant CorrectHealth moves to dismiss the Plaintiff's claims against it as time-barred under the two-year statute of limitations. (Br. in Supp. of Def.'s Mot. to Dismiss, at 5–6). CorrectHealth contends that the continuing violation doctrine does not toll the statute of limitations and argues that the Plaintiff's failure to exhaust his administrative remedies requires dismissal of his claims. (*Id.* at 7–13). In response, the Plaintiff contends that

the statute of limitations did not begin to run until he learned of the webbing condition on his hand on August 13, 2021, less than two years before he filed suit. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 4–5). He also contends that the Clayton County Inmate Handbook did not affirmatively require him to file written medical grievances in order to exhaust his administrative remedies. (*Id.* at 6–8).

Construing the Plaintiff's allegations in the light most favorable to him, the Court concludes that he has plausibly pleaded that the continuing violation doctrine tolled the statute of limitations for purposes of his claim against CorrectHealth. See *Robinson v. United States*, 327 F. App'x 816, 818 (11th Cir. 2007). Assuming that CorrectHealth indeed failed to send the Plaintiff to his follow-up appointments and assuming that the Plaintiff first learned of the webbing on his fingers on August 13, 2021, the Plaintiff needed to file his Complaint by August 13, 2023, which he did. Under these circumstances, his claims are not barred by the two-year statute of limitations.

Regarding the Plaintiff's exhaustion of administrative remedies, CorrectHealth did not file a reply brief opposing the Plaintiff's position that he did not need to file written grievances concerning his inadequate medical treatment. As the Court reads the Clayton County Jail's policy, filing written grievances over medical care was permissive. (Doc. 15-1, at 22). In any event, "[t]he defendants bear the burden of proving that the plaintiff has failed to

4

exhaust his available administrative remedies," and CorrectHealth has failed to carry that burden here. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). Accordingly, its Motion to Dismiss should be denied. The remaining Motions to Substitute Party and to Open Default are either unopposed or consented to and should therefore be granted.

## IV.     Conclusion

For the reasons set forth above, the Defendant CorrectHealth's Motion to Dismiss [Doc. 15] is DENIED; the Plaintiff's Motion to Substitute Party [Doc. 32] is GRANTED; and the parties' Consent Motion to Open Default [Doc. 33] is GRANTED. The current Clayton County Sheriff Levon Allen is hereby SUBSTITUTED for the Defendant Victor Hill. The Plaintiff shall have thirty (30) days from the date of this Order to serve the Defendant Levon Allen with process. The Defendant Levon Allen will then have thirty (30) days from the date of service to file his Answers and Defenses or other responsive pleadings to the Plaintiff's Complaint.

SO ORDERED, this ___6th___ day of February, 2024.

*/s/ Thomas W. Thrash*
THOMAS W. THRASH, JR.
United States District Judge