IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JYQWAVOUS WHITAKER,

    Plaintiff,

        v.

SHERIFF LEVON ALLEN, *in his official capacity*, and CORRECT HEALTH CLAYTON, LLC,

    Defendants.

CIVIL ACTION FILE
NO. 1:23-CV-3552-TWT

**OPINION AND ORDER**

This is a civil rights action. It is before the Court on the Defendant Sheriff Levon Allen's Motion to Dismiss [Doc. 41] and the Plaintiff's Motion to Strike [Doc. 49]. For the reasons set forth below, the Defendant Sheriff Levon Allen's Motion to Dismiss [Doc. 41] is GRANTED, and the Plaintiff's Motion to Strike [Doc. 49] is DENIED as moot.

### I.    Background[1]

This case arises from injuries that the Plaintiff Jyqwavous Whitaker sustained when he suffered gunshot wounds to his left hand and left foot on January 15, 2021. (Compl. ¶ 12). He underwent surgery at the Grady Hospital Trauma Unit for his injuries and then was taken into police custody. (*Id.* ¶ 13). The Plaintiff was transported to the Clayton County Police Department where

---

[1] The Court accepts the facts as alleged in the Complaint as true for purposes of the present Motion to Dismiss. *Wildling v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

he alleges that he was interrogated for several hours and locked in the interrogation room for eight hours, all the while dealing with severe post-surgical pain. (*Id.* ¶¶ 13–15). After being detained, he claims that he was sent to the Clayton County Jail over the advice of ambulance personnel who stated he should be taken back to the hospital. (*Id.* ¶¶ 16–17). The Plaintiff claims that he missed a series of medical appointments between January and August 2021 that ultimately led to webbing between his fingers and the amputation of his left index finger. (*Id.* ¶¶ 18–20).

The Plaintiff filed the present action on August 9, 2023, against former Clayton County Sheriff Victor Hill, CorrectHealth Clayton—the entity responsible for providing medical services to individuals at the Clayton County Jail—and several other defendants now dismissed from the case. The Plaintiff brings claims of deliberate indifference under the Fourteenth Amendment and state law negligence against the Defendants. On February 6, 2024, the Court ordered substitution of former Clayton County Sheriff Victor Hill for current Clayton County Sheriff Levon Allen.[2] Sheriff Allen now moves to dismiss the

---

[2] This substitution applied only to the claims against Sheriff Hill in his official capacity, not the claims against him in his individual capacity. (Doc. 32 ¶ 7). The parties later stipulated to the dismissal of the remaining claims against Sheriff Hill. (Doc. 40). This stipulation of dismissal was proper under Rule 41(a)(1) because it disposed of all remaining claims against Hill. *See In re Esteva*, 60 F.4th 664, 677 (11th Cir. 2023) (stating that a plaintiff may voluntarily dismiss less than an entire action under 41(a)(1) so long as she dismisses all the claims brought against a particular defendant). In the Conclusion below, the Court directs the Clerk to correct the docket to reflect

claims against him for failure to state a claim.

## II.     Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994–95 (11th Cir. 1983); *see also Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985), *cert. denied*, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

---

this substitution.

### III.   Discussion

The Defendant Sheriff Allen moves to dismiss the Plaintiff's claims against him, arguing that the Eleventh Amendment bars the § 1983 claim and that state sovereign immunity bars the negligence claim. (Br. in Supp. of Def.'s Mot. to Dismiss, at 3–6). In response, the Plaintiff contends that Sheriff Allen misconstrues the legal authority on which he relies in support of his motion and withdraws his state law negligence claim as to Sheriff Allen.[3] (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 3–5).

The Eleventh Amendment bars suits against government officials when they act as "arms of the State." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (citation omitted). And the Eleventh Circuit has held that a Georgia sheriff acts as an arm of the State and is thus entitled to Eleventh Amendment immunity with respect to the function of providing medical care to incarcerated persons. *Myrick v. Fulton Cnty., Ga.*, 69 F.4th 1277, 1294–96 (11th Cir. 2023).

---

[3] The Plaintiff purports to withdraw his state law negligence claim against Sheriff Allen in his official capacity. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 5). "[T]o ensure a final judgment is rendered in cases where a plaintiff wishes to withdraw a claim . . . the plaintiff [may] move for leave to amend his complaint under Rule 15 to omit the resolved claims." *Peden v. Stephens*, 2023 WL 8721429, at *2 (N.D. Ga. Dec. 18, 2023) (citation omitted). The Court therefore construes the Plaintiff's purported withdrawal as a motion to amend his Complaint to omit the negligence claim against Sheriff Allen, which the Court grants. This Order effectuates this amendment such that the Plaintiff shall not be required to docket an Amended Complaint in order to conform the pleadings to the directives of this Order. *See Silver Comet Terminal Partners, LLC v. Paulding Cnty. Airport Auth.*, 2023 WL 2988443, at *9–10 (11th Cir. Apr. 18, 2023).

Such a holding forecloses the Plaintiff's § 1983 claim against the Defendant Sheriff Allen in his official capacity here. In an effort to save his claim, the Plaintiff attempts to frame the Sheriff's function as "transporting inmates across the county to off-site locations." (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 4). But the functions pleaded in his Complaint, including taking incarcerated people to off-site medical appointments, contemplate the provision of medical care as set forth in *Myrick*. (*See* Compl. ¶¶ 24–28). Accordingly, the Plaintiff's § 1983 claim against Sheriff Allen in his official capacity should be dismissed. And having granted Sheriff Allen's Motion to Dismiss, the Plaintiff's Motion to Strike a portion of the Sheriff's Reply Brief in Support of his Motion to Dismiss should be denied as moot.

### IV.     Conclusion

For the reasons set forth above, the Defendant Sheriff Levon Allen's Motion to Dismiss [Doc. 41] is GRANTED, and the Plaintiff's Motion to Strike [Doc. 49] is DENIED as moot. In its February 6, 2024 Order [Doc. 34] granting the Plaintiff's Motion to Substitute [Doc. 32], the Court erroneously substituted Sheriff Levon Allen for Sheriff Victor Hill as to all claims pending against Hill, instead of just the official claims, as the Motion to Substitute indicated in Paragraph 7. The claims against Hill in his individual capacity should have remained active following the Court's February 6 Order, but on April 5, 2024, the parties stipulated to the dismissal of all remaining claims against Hill

without prejudice. [Doc. 40]. Accordingly, the Clerk is hereby DIRECTED to reopen the claims against Hill in his individual capacity and terminate him as a Defendant nunc pro tunc to April 5, 2024. The Clerk is also DIRECTED to revise the docket's caption to indicate that Allen was sued only in his official capacity, not his individual capacity, and to terminate Allen as a Defendant pursuant to this Order granting his Motion to Dismiss [Doc. 41].

 SO ORDERED, this  25th  day of June, 2024.

               THOMAS W. THRASH, JR.
               United States District Judge